IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY WOODARD                                                                            PLAINTIFF

V.                                                          CAUSE NO. 3:21-CV-654-CWR-FKB

FLOWOOD MAC HAIK CDJR LTD                                                          DEFENDANT

**ORDER**

Before the Court is the defendant's motion to compel arbitration. Docket No. 6. On review, the motion will be granted.

Anthony Woodard is a former Service Advisor and Used Car Reconditioning Manager at the Flowood Mac Haik car dealership. In this suit, he claims that he was subjected to unlawful race and sex discrimination when he, a black man, was terminated from his job, replaced by a white woman, and then not permitted to reapply for other positions. Woodard points to three white men who were terminated and then permitted to reapply for other positions within the company.

Mac Haik argues that the case should be resolved via binding arbitration. It has submitted a signed arbitration agreement between itself and Woodard. Woodard responds that the arbitration agreement is illusory, and therefore unenforceable, because it permits Mac Haik "to avoid its promise to arbitrate its claims against Plaintiff." Docket No. 10 at 2.

The law is well-established. "[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). Like any other contract, agreements to arbitrate may "be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Id.* (quotation marks and citations omitted).

> The FAA reflects a liberal federal policy favoring arbitration. However, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties. Given the fundamental principle that arbitration is a matter of contract, to determine whether an agreement to arbitrate is valid, courts apply ordinary state-law principles that govern the formation of contracts.

*Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (quotation marks and citations omitted).

In this case, the parties agreed that Texas law would control whether Woodard and Mac Haik agreed to arbitrate their dispute. We, therefore, apply Texas law. *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 258 (5th Cir. 2014). Texas law provides that "[a] promise is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance. When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract." *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (citations omitted).

Woodard and Mac Haik's arbitration agreement says that Mac Haik can terminate it "at any time." Docket No. 6-1 at 8. If it stopped there, the agreement would likely be unenforceable. *See Carey*, 669 F.3d at 205–06. The agreement, however, says more. It states that "termination shall not be effective: A. until 10 days after reasonable notice of termination is given to Employees or B. as to Disputes which arose prior to the date of termination." Docket No. 6-1 at 8. It also states that "no amendment shall apply to a Dispute of which [Mac Haik] had actual notice on the date of amendment." *Id.*

The Texas Supreme Court has held that similar language saves an arbitration agreement from being illusory. *In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002). The court's full reasoning is reproduced here:

> Myers also asserts that Halliburton's promises were illusory because the company retained the right to modify or discontinue the Program. But the Program also provided that "no amendment shall apply to a Dispute of which the Sponsor [Halliburton] had actual notice on the date of amendment." As to termination, the plan stated that "termination shall not be effective until 10 days after reasonable notice of termination is given to Employees or as to Disputes which arose prior to the date of termination." Therefore, Halliburton cannot avoid its promise to arbitrate by amending the provision or terminating it altogether. Accordingly, the provision is not illusory.

*Id.*

Our arbitration agreement is fundamentally the same as the one blessed in *Halliburton*. Accordingly, the Woodard-Mac Haik arbitration agreement is not illusory, and may be enforced.

The motion to compel arbitration is granted. A separate Final Judgment shall issue closing this case pending that arbitration. The case may be reopened upon proper motion, without any further filing fee, if either party needs to enforce or vacate the ensuing arbitration award.

**SO ORDERED**, this the 24th day of January, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE